United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BANKS,<br><br>    Plaintiff,<br><br>  v.<br><br>THE COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant.<br>_____/ | No. C 06-06262 CRB<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiff applied for Supplemental Security Income ("SSI") in November of 2003. The Social Security Administration ("Defendant") denied his application for benefits, as well as his request for reconsideration, because it concluded that he was not disabled. Plaintiff requested a hearing with an administrative law judge ("ALJ"), who also denied his claim. Plaintiff then lost an administrative appeal. He filed this lawsuit to challenge the ALJ's decision. See 42 U.S.C. §§ 405(g), 1383(c)(3). Pursuant to local rules, the parties filed cross-motions for summary judgment, which are now pending before the Court. See N.D. Cal. Civ. L.R. 16-5. For the reasons set forth below, Plaintiff's motion for summary judgment is DENIED and Defendant's summary judgment is GRANTED.

//

//

## BACKGROUND

Plaintiff is a 38-year-old man who has completed high school, and perhaps a year of higher education.[1] He primarily attended special education classes, and his medical records indicate that he is of average or below average intelligence. The record also indicates that he suffers from social anxiety disorder and "dependent" personality traits.

His work history is sporadic and the subject of controversy. It is undisputed that he has held jobs as a warehouse worker, as a parking attendant, and as maintenance worker, though the timing and extent of those experiences is disputed. In recent years, he has been employed primarily by his father, who works as a mechanic. Assisting his father is the only employment that Plaintiff has had for several years. This job is "akin to a sheltered workshop" and "does not constitute substantial gainful activity." CAT 17.

The ALJ denied benefits because he concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act." CAT 21 (citing 20 C.F.R. §§ 404.1520(f), 416.920(f)). In applying the five-step analysis required in disability benefits cases, the ALJ made the following findings: (1) that Plaintiff is not currently engaged in substantial gainful activity, (2) that Plaintiff has "severe impairments," including a "dependent personality" and a possible "visual-spatial learning disorder," (3) that Plaintiff's impairments do not "meet or equal" any one of a specific number of impairments that would qualify him as disabled; and (4) that, notwithstanding his impairments, Plaintiff has a "residual functional capacity" that enables him to perform some of the tasks he performed in prior stints of employment. CAT 17-21. Because the ALJ concluded that Plaintiff was capable of performing such "past relevant work," he found that Plaintiff was not "disabled" within the meaning of the Social Security Act, without examining whether there were other jobs that Plaintiff might be able to perform. CAT 21. See generally 20 C.F.R. § 404.1520 (setting forth the five-step process for analyzing disabilities under the Social Security Act); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (same); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (same).

---

[1] Compare CAT 92 (indicating that Plaintiff attended a "year of college"), with CAT 193 (indicating that Plaintiff has not had any education "beyond high school"). All citations to "CAT" refer to the Certified Administrative Transcript.

2

1    In setting forth his conclusions at "step four" of the analysis, the ALJ found that
2 Plaintiff was capable of performing simple, repetitive tasks and responding appropriately to
3 supervisors, coworkers, and the public. CAT 20. Further, the ALJ found that Plaintiff has no
4 physical limitations. CAT 20. Based on these findings, the ALJ concluded that Plaintiff was
5 capable of performing work as a "warehouse worker" and as a "parking attendant." CAT 21.
6 Because the ALJ considered these jobs to be part of Plaintiff's "past relevant work," he
7 concluded that Plaintiff was not entitled to disability benefits. See 20 C.F.R. §
8 404.1520(a)(4)(iv) ("If you can still do your past relevant work, we will find that you are not
9 disabled."); id. § 404.1520(f) (same).

## STANDARD OF REVIEW

This Court will reverse an ALJ's decision to deny social security benefits only if the decision is based on legal error or unsupported by substantial evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The "substantial evidence" standard requires less than a preponderance but more than a scintilla; it demands "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The Court must review the record as a whole, "weighing both the evidence that supports and that which detracts from the ALJ's conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the record is susceptible to more than one interpretation, this Court must uphold the ALJ's interpretation of it. Id.

## DISCUSSION

The ALJ's decision rested on two basic conclusions: (1) that Plaintiff's "past relevant work" included the jobs he had held as a warehouse worker and a parking attendant, and (2) that Plaintiff still could perform these jobs given his "residual functional capacity." Plaintiff challenges both of these conclusions.[2]

---

[2] Plaintiff characterizes the ALJ's decision as applying the law improperly. See, e.g., Motion at 7 (arguing that the ALJ "did not properly apply legal standards" because he considered work performed more than fifteen years prior to Plaintiff's application for benefits). Correctly framed, however, the question here is not whether the ALJ applied the correct legal standard. Instead, the question is whether the record contains "substantial evidence" from which the ALJ could have concluded that Petitioner's job as a warehouse worker or a parking attendant

United States District Court
For the Northern District of California

## I. Past Relevant Work

According to the federal regulations, "past relevant work" encompasses any job that was "done within the last 15 years, lasted long enough for [the applicant] to learn to do it, and was substantial gainful activity." See 20 C.F.R. §§ 404.1565(a). Work activity is "substantial" when "involves doing significant physical or mental activities," even if it is done only on a "part-time basis" or involves less pay or responsibility than a full-time job. Id. § 404.1572(a). Work activity is "gainful" when it is done "for pay or profit," or if it "is the kind of work usually done for pay or profit, whether or not a profit is realized." Id. § 404.1572(b).

As for Plaintiff's job as a parking attendant, there is "substantial evidence" to support the ALJ's determination that it constitutes "past relevant work." In 1997, Plaintiff earned wages of $3,362.26 from his employment with a valet parking service in Walnut Creek, California. CAT 83, 145. According to his attorney, this employment lasted for a period of "several months." CAT 145. Plaintiff testified that he worked five to six days per week at the job, though not full-time. CAT 196. His testimony supports the conclusion that he retained the job long enough to learn it. CAT 196 (describing the valet process). Significantly, Plaintiff testified that his employment as a parking attendant ended not because he was unable to perform the duties of the job, but rather because he would "be a little late" or "wouldn't show up on the right time." CAT 196. Given this testimony, the ALJ permissibly concluded that Plaintiff's "inability to keep [this] job" was "not explained in this record as being related to a medically-determinable severe impairment." CAT 21.

As for Plaintiff's job as a warehouse worker, the record is somewhat more complicated. At the evidentiary hearing, Plaintiff testified that he "did stocking and worked in the warehouse" for "about a year" at a company called Emporium Capwells in the early 1990s. CAT 194. Similarly, Plaintiff's attorney indicated that he worked from 1991 until

---

constituted part of his "past relevant work." In other words, this case presents a dispute about whether the evidence is sufficient to support the ALJ's analysis of Petitioner's work history, not whether the ALJ applied the proper legal standard in evaluating that history. For this reason, the Court is constrained to review Plaintiff's objections under the deferential "some evidence" standard.

4

1992 as a "stocker" in a "retail department store." CAT 145. A thorough inspection of the record, however, casts doubt on the accuracy of these statements. Specifically, Plaintiff's tax records indicate that he held only one job from which he might have earned income continuously for an entire year. In 1988, he reported wages from "self-employment" of $24,276. In 1989, he reported similar wages of $6,282. These are the only tax returns that might possibly coincide with the year of continuous employment he claims to have had at Emporium Capwells. See CAT 81-84. For the six years thereafter, until his subsequent job with a staffing agency, Plaintiff reported little or no income. Thus, although the record is not entirely clear, it appears that Plaintiff held his job at Emporium Capwells in 1988, and not in the early 1990s, as he and his lawyer had indicated. This view of the evidence is supported also by Plaintiff's initial application for disability benefits. See also CAT 89 (indicating that Plaintiff's employment at a warehouse lasted from 1985 until 1988).

Because the job at Emporium Capwells apparently ended in 1988, more than 15 years prior to his application for benefits, Plaintiff contends that the ALJ should not have considered it as part of his "past relevant work." See 20 C.F.R. §§ 404.1565(a) ("We consider that your work experience applies when it was done within the last 15 years . . . ."). The Court, however, disagrees.

Even assuming that Plaintiff's view of the record is correct, it was not impermissible for the ALJ to rely on this older work experience. The federal regulations state:

> We do not *usually* consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies. A gradual change occurs *in most jobs* so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that *remote work experience* is not currently applied. If you have no work experience or worked only "off-and-on" or for brief periods of time during the 15-year period, we *generally* consider that these do not apply.

20 C.F.R. §§ 404.1565(a) (emphasis added). Most federal courts to consider the issue have concluded that "the fifteen year limitation described by the regulations does not create a prohibition against considering work outside that period." Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). Accord Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 109 (6th Cir. 1989); Bowman v. Heckler, 706 F.2d 564, 567 (5th Cir. 1983); Khuu v.

5

1   Chater, 12 F.Supp.2d 1028, 1031-32 (C.D. Cal. 1997). Instead, it means that the ALJ must
2   bear in mind the extent to which such antiquated work experience would be relevant to the
3   claimant's current employment opportunities. These considerations include "'the particular
4   kind of work involved and the extent to which the skills and abilities required have in fact
5   changed over the years.'" Smith, 893 F.2d at 109 (quoting Bowman, 706 F.2d at 567).

6        Here, the record provides ample reason to justify the ALJ's belief that Plaintiff's prior
7   work experience at Emporium Capwells is relevant, even accepting the view that it occurred
8   prior to the 15-year window. First, the physical demands of such a job are not now an
9   obstacle to Plaintiff, just as they were not an obstacle to him years ago. CAT 18, 233 ("At
10  the hearing, through his attorney, the claimant stipulated that he has no severe physical
11  medical impairments."). Further, a job as a warehouse worker involves only unskilled labor,
12  and so there is no reason to think that "the skills and abilities" involved in stocking a
13  warehouse "have in fact changed over the years." Smith, 893 F.2d at 109 (quoting Bowman,
14  706 F.2d at 567). For this reason, even accepting Plaintiff's view of the disputed chronology
15  of his work experience, the ALJ was justified in considering it under the law.

16       More importantly, the record contains other evidence to justify the ALJ's reliance on
17  Plaintiff's experience as a "warehouse worker." According to Plaintiff's testimony,
18  subsequent to his job at Emporium Capwells, he worked at a "temporary job agency," where
19  he was dispatched to various other companies to fill vacancies. CAT 205-06. In the course
20  of his employment with the agency, he was staffed at jobs whose duties involved "almost the
21  same stuff as [the job at] Emporium." CAT 205-07. For instance, Plaintiff testified that the
22  temporary jobs he held involved "putting stuff into trucks" and "mov[ing] supplies." CAT
23  207-08. Significantly, Plaintiff indicated that these jobs ended not because he was fired or
24  unable to do the work, but rather because his temporary employers "just didn't need [him]
25  anymore." CAT 207.[3] He performed the same work with a staffing agency just eight years

---

[3] See also CAT 207 ("Q. So you don't think you were fired? A. I don't know. Well, they never told me I was fired or not. The people at Ross or at the other places wouldn't say anything. They would just call up and then, like I worked at Ross for a little while, and then I would go to get my check and they would say you go back there Monday or you can work this

6

ago, in the mid-1990's, that he performed with Emporium Capwells around fifteen years ago, likely in 1988 and 1989. These subsequent jobs thus constitute independent and adequate evidence on which the ALJ could have relied to conclude that Plaintiff's "past relevant work" included a term as a warehouse worker.

For these reasons, the Court concludes that there is "some evidence" from which the ALJ could have concluded that Plaintiff's "past relevant work" included stints as a parking attendant and warehouse worker. 20 C.F.R. §§ 404.1565(a). In light of Plaintiff tax records, and especially his own testimony, the Court is satisfied that there exists "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." Magallanes, 881 F.2d at 750.

## II. Residual Functional Capacity

A claimant's "residual functional capacity" is defined under the federal regulations as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a). Here, the ALJ concluded that Plaintiff can still perform "simple, repetitive tasks" and can "respond appropriately to supervisors, coworkers, and the public." CAT 20. Based on these findings, the ALJ concluded that Plaintiff was still capable of performing is "prior relevant work" as a warehouse worker or parking attendant.

Substantial evidence supports the ALJ's conclusions. It is undisputed here that Plaintiff has no "physical limitations." CAR 233. The only question, then, is whether there is some evidentiary basis for the ALJ's conclusion that Plaintiff's other psychological and social limitations would not prevent him from performing his past relevant work. The Court finds that the record contains such an evidentiary basis. For instance, one psychological evaluation concluded that Plaintiff "would be capable of understanding an carrying out simple instruction," that he "would be capable of responding appropriately to supervisors,

---

Saturday[.] I'd say yeah and they would just say okay and then, after awhile, they would just say Ross doesn't need you anymore[.] I'd say do you have any other places and he'd say, let's see, yeah, this place might . . . ."); CAT 207 ("Q. How did that end? A. Like the same, that after awhile, they just didn't need me anymore."); CAT 208 ("Q. Did, at any point, did the temporary agency tell you don't bother coming back anymore? A. No. Just, after awhile, they just didn't have anything and then I would go back there and I'd ask them and they'd say, no, nothing this week, nothing this week and I just eventually didn't go back.").

7

coworkers and the public," that he "would be able to deal with changes in a routine work setting," and that he "should be able to adequately fulfill job requirements, especially if his work is menial in nature." CAT 154. A neurological exam indicated that Plaintiff was "alert and oriented to person, place, time, and situation." CAT 160. Other medical professionals concurred that, although Plaintiff was "moderately limited" in some aspects of his ability to understand detailed or complex instructions or to maintain concentration for extended periods of time, he would nonetheless be able "to complete a normal workday and workweek without interruptions from psychologically based symptoms." CAT 176. Likewise, doctors from the California Department of Social Services concluded that Plaintiff "is mentally capable of sustained and simple work with limited public, coworker, and supervisor interactions." CAT 177. These various findings provide "some evidence" in support of the ALJ's conclusion.

Contrary to Plaintiff's argument that the ALJ did not "address [his] dependency limitations," all of the medical records on which he relied actually account for these problems. CAT 154 (describing Plaintiff as "quite a dependent individual" and "a man of low-average intellectual capacities" who has "difficulties with visual-spatial processing and abstraction"); CAT 168, 171 (noting Plaintiff's "pathological dependence" and other "functional limitations"). The medical professionals who authored these reports nonetheless concluded that Plaintiff was capable of doing simple work. Accordingly, their reports constitute "some evidence" support the ALJ's conclusion that Plaintiff could perform his previous simple tasks as a warehouse worker or parking attendant. See AT 21 (classifying Plaintiff's "past relevant work" as including "medium level, unskilled work" and "light, unskilled work").

## CONCLUSION

"Some evidence" supports the ALJ's conclusions (1) that Plaintiff's "past relevant work" included his jobs as a warehouse worker and a parking attendant, and (2) that Plaintiff's "residual functional capacity" permits him still to perform these jobs. Accordingly, this Court must uphold the ALJ's conclusion. Magallanes, 881 F.2d at 750;

1  <u>Andrews</u>, 53 F.3d at 1039.  Accordingly, Plaintiff's motion for summary judgment is
2  DENIED, and Defendant's motion for summary judgment is GRANTED.
3  **IT IS SO ORDERED.**

6  Dated:  July 26, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE